Mr. Justice Clayton
delivered the opinion of the court.
Upon the trial in the court below, the defendant offered to prove, by two witnesses, that he signed the note on which the suit is brought, as a surety ; that the note was then blank, and that he signed it with an express agreement that it was to be made payable to the Agricultural Bank, in renewal of notes which he had previously executed as surety for the same party. The court below excluded the testimony, and the propriety of that exclusion is the only material point involved.
In Johnson, Use, &c. v. Blassdale & Grubbs, 1 S. & M. 20, this court said, “ that he who signs a bill or note in blank, and delivers it to another, makes that other his agent, and authorizes him to fill it up with an indefinite amount. It is an unlimited letter of credit. Yet the rule must be received with this qualification : If there be in fact a limit to the authority, which has been exceeded, if a third person take the note with knowledge that the limit has been transcended, the note will not be binding in his hands as against the surety for the whole amount.” To this principle we still adhere. There is nothing in the record to show that Fisk had any knowledge of the matter offered in evidence; and without notice he could not be affected by it. There was no offer to prove the existence of such notice. The testimony therefore was irrelevant, and was properly excluded. Had other evidence been adduced to show its pertinence, the result would have been different. The party is not confined to any particular order in the introduction of his testimony. But where the exception is to the exclusion of testimony, it must be shown during the progress of the trial to be relevant. Lake v. Munford, 4 S. & M. 319. If this were not the rule, the reversal would take place upon merely conjectural grounds, not upon what the record actually discloses.
Anderson, the principal in the note, was offered as a witness *596 to prove the same facts, with the witness jnst referred to. He was rejected by the court, on the ground that he was a party to the note. Even if he were unobjectionable on this score, which need not be decided, the testimony itself, no matter by whom given, was inadmissible. The same reason operated to exclude it, in his case, as in that of the other witness. The decision was right, and this court will not reverse, because a wrong reason was assigned for it.
But it ¡surged that this court will not notice objections which were not made in the court below. Within certain limits that is true. If the testimony had been received below without objection, this court would very reluctantly listen to objections, taken here for the first time. But when, upon objections made, the evidence was excluded, if the exclusion were proper, it will not be right to reverse, because the judge may have assigned an insufficient reason.
Judgment affirmed.
A petition for a re-argument was applied for, principally on the alleged ground that the note was executed to Fisk for & preexisting debt. The petition, however, was overruled.